This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JAMES BLANKENSHIP,**

Worker-Appellant,

v.                                                                          **NO.   31,960**

**CITY OF ALBUQUERQUE,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shannon S. Riley, Workers Compensation Judge**

Dorato & Weems, LLC
Derek L. Weems
Albuquerque, NM

for Appellant

Kelly A. Genova, PC
Kelly A. Genova
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

James Blankenship (Worker) appeals from a compensation order denying him benefits. We issued a calendar notice proposing to reverse. The City of Albuquerque (City) has responded with a memorandum in opposition to our calendar notice. We reverse.

In this appeal, Worker is challenging the determination of the Workers' Compensation Judge (WCJ) that he is not entitled to benefits for a primary mental impairment. [DS 9] The statutory definition states:

> "[P]rimary mental impairment" means a mental illness arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no physical injury and consists of a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in similar circumstances, but is not an event in connection with disciplinary, corrective[,] or job evaluation action or cessation of the worker's employment[.]

NMSA 1978, § 52-1-24(B) (1991).

In *Jensen v. N.M. State Police*, 109 N.M. 626, 788 P.2d 382 (Ct. App. 1990), this Court considered what type of event would satisfy Section 52-1-24(B). We observed that the statutory language was substantially similar to the language used in the discussion of post traumatic stress disorder (PTSD) found in the Diagnostic and Statistical Manual of Mental Disorders (DSM). *Jensen*, 109 N.M. at 629, 788 P.2d at 385. *See American Psychiatric Association, Diagnostic and Statistical Manual of*

2

*Mental Disorders* (4th ed. 2000). We listed the events described by the DSM as producing PTSD, including rape, assault, military combat, floods, earthquakes, car accidents, airplane crashes, large fires, bombing, torture, and death camps. *Jensen*, 109 N.M. at 629, 788 P.2d at 385. We then held as follows:

> Section 52-1-24(B) reflects a legislative intent to limit primary impairment to sudden, emotion-provoking events of a catastrophic nature as described [in the DSM description of PTSD] as opposed to gradual, progressive stress-producing causes such as occurred in *Candelaria* [*v. Gen. Elec. Co.*, 105 N.M. 167, 730 P.2d 470 (Ct. App. 1986] (harassment by supervisor over period of time).

*Jensen*, 109 N.M. at 629, 788 P.2d at 385.

Here, the WCJ found that Worker was in an accident in the course and scope of employment. [RP 91] The accident involved a fire. Both Worker's therapist and the psychologist who conducted the independent medical examination diagnosed Worker as suffering from PTSD. [DS 5-6] The psychologist's diagnosis was based on the DSM. [DS 6] The WCJ found that Worker suffered PTSD as a result of his accident. Nevertheless, the WCJ denied benefits under Section 52-1-24(B) after finding that the accident would not have evoked significant symptoms of distress in other workers similarly situated. [RP 93-94] In its memorandum in opposition, the City adopts the WCJ's rationale. However, as *Jensen* makes clear, Section 52-1-24(B) essentially incorporates the DSM's definition of PTSD. Given the uncontradicted medical evidence that Worker satisfied this definition, we reject the City's argument

that the event was not sufficiently traumatic.  If, as the City argues, Worker over-reacted to the incident in question, we believe that the experts would have diagnosed him with an anxiety disorder and not PTSD.  Accordingly, we reverse.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**